IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MAURICE R. ARCHER,<br><br>Plaintiff,<br><br>vs.<br><br>THE SUPREME COURT OF THE STATE OF MONTANA, MICHAEL MCGRATH, ET AL.,<br><br>Defendants. | CV-23-51-BU-BMM-JTJ<br><br>ORDER |

Plaintiff Maurice R. Archer, a Montana State prisoner proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging denial of access to the courts. (Doc. 2) The Complaint fails to state a claim upon which relief can be granted and will be dismissed.

## I. ALLEGATIONS

Archer alleges that the justices of the Montana Supreme Court unconstitutionally have denied him access to the courts. Archer sought to file a motion exposing fraud on the court in his criminal case, and the Clerk of the Montana Supreme Court returned it unfiled. (Doc. 2 at 2.) Archer construes the Montana Supreme Court's failure to file his motion as a violation of his First and Fourteenth Amendment rights and requests declaratory and injunctive relief. (Doc. 2 at 2.) Archer never explicitly states what form this relief would take.

1

The basis of the motion that Archer could not file is what he calls fraud on the court, perpetrated by the prosecution in his underlying criminal case. (Doc. 2 at 3.) Archer points to the attorneys he claims committed this fraud, yet he has failed to name these defendants in this action. *Id*. Instead, Archer's contention is that the Montana Supreme Court has violated his First Amendment rights by not allowing him to file any motions without seeking leave of court first. (Doc. 2 at 9.) Much of Archer's submission relates to the substance of his claims about his underlying prosecution.

The Court takes judicial notice of the fact that Archer appealed his conviction in 2007 and subsequently has filed several petitions for postconviction relief of various forms, in 2009, twice in 2012, 2013, 2016, and 2022. (Records retrieved from supremecourtdocket.mt.gov on August 28, 2023.) Archer has also filed four habeas petitions in this Court.

## II. SCREENING STANDARD

Archer is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

2

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  ANALYSIS

Archer has been filing petitions and lawsuits in this Court and in the Montana Supreme Court attacking his conviction since his conviction in 2007. This lawsuit is a creative attempt to circumvent the various procedural hurdles that are preventing him from returning to either court on the merits of his claims. For

3

the following reasons, this lawsuit must be dismissed.

A 42 U.S.C. § 1983 claim requires the "deprivation of any rights, privileges, or immunities secured by" federal laws. A federal court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Archer's Complaint seeks a review of the state court's decision regarding his filing. "Stated simply, the *Rooker–Feldman* doctrine bars suits brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (internal quotations and citation omitted.)

In this instance, Archer is asking the Court to overrule the Montana Supreme Court's decision regarding its own docket and its own procedural rules and statutes regarding filings. None of these claims present federal matters that permit this Court's intervention. Even if this Court had the authority to direct the Montana Supreme Court to accept Archer's filing, it does not follow that the Montana Supreme Court would rule favorably on his claim. What Archer truly seeks is a different ruling on the merits of his arguments regarding his conviction, and a § 1983 suit in this Court is not the proper mechanism for him to get that ruling.

Second, Archer misconstrues his claim as an "access to the courts" claim. A First Amendment access to the courts claim arises when a governmental party interferes with an inmate's capacity to pursue a legal claim, specifically, direct appeals from their convictions, habeas petitions, and civil rights actions. The only possible claim Archer could be asserting here is a habeas petition, several of which he has already filed in the Montana Supreme Court. The interference does not extend to any possible affront. "The hindered claim must also be nonfrivolous, as [d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . A claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope." *Nasby v. Nevada*, No. 21-15044, 2023 WL 5315112, at *4 (9th Cir. Aug. 18, 2023) (internal quotations and citations omitted.)

Archer cannot establish that his underlying claim is nonfrivolous. He was convicted in 2007. He alleges that the prosecution tampered with the court record related to his conviction, thereby committing fraud on the court. He has filed seven appeals and petitions related to this conviction in the Montana Supreme Court, and four habeas petitions in this Court, in addition to four § 1983 complaints, including this one. Archer's underlying claims related to his trial would be time-barred, and likely precluded by other procedural doctrines. He is also questioning the fact and evidence in support of his conviction, and those claims must be brought as a

petition for a writ of habeas corpus. Archer does not state a claim for federal relief that can be remedied by a 42 U.S.C. § 1983 action.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Archer's Complaint is DISMISSED for failure to state a claim.

2. The Clerk of Court is directed to have the docket reflect that Archer's filing of this Complaint counts as a strike against him within the meaning of 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 11th day of September, 2023.

_____
Brian Morris, Chief District Judge
United States District Court